No. 59.—ROBERT R. RANDOLPH and another, plaintiffs in error, *vs.* JOHN S. BOND and others, defendants.

[1.] Where a testatrix, by the following clause in her will, declared, "It is my will and desire, that the residue and balance of my estate, both real and personal, shall be distributed and divided among the hereafter named legatees, in manner and form as follows, (to wit,) whereas at a division of the estate of Richard Randolph, deceased, which took place on the 27th November, 1844, there was a portion of the property of said estate set off to each individually, differing in amount and subject to an equalization at a subsequent and final division of said estate, this fact is recorded in a small memorandum book, to which this refers, and which is now in my possession; that Thomas P. Randolph then received property valued at $2250,00; that Martha P. Triplet received property valued at $2050,00; that Richard H. Randolph, received property valued at $2100,00; that Robert R. Randolph, received property valued at $2928,00, making in the aggregate, the sum of $9,328,00, the one-fourth of which being $2332,00, is a distributive share; the individual receiving more than a share, shall receive that much less, and those receiving less than a share, as much money as shall equalize them all, when the final division shall be made. It is my will and desire, that the following named legatees, shall receive share and share alike, *under the provisions of the foregoing items in this my will,* (to wit,) Martha P. Triplett, Robert R. Randolph, Isabella Randolph, Louisa Mariah Randolph, Jacintha Dorothy Randolph, Edmund Randolph,

Randolph and another *vs.* Bond and others.

Thomas Randolph, Richard Randolph, the children of my son Thomas P. Randolph, deceased, and Eliza Bullock Randolph, Eugenia Randolph, Richard Randolph, Anne Randolph, the children of my son Richard H. Randolph, deceased:" *Held*, that, taking the whole of this clause of the will together, it was the intention of the testatrix, that her property should be divided into four parts only, and that the grand-children of her two deceased sons should take under the will, *per stirpes*, and not *per capita*.

In Equity, in Wilkes Superior Court.    Tried before Judge BAXTER.    September Term, 1852.

Mariah Randolph, as the executrix of Dorothy Randolph, deceased, *filed* a bill of interpleader, and for instruction as to the interest of the various legatees under the will of said deceased.

This will gave certain specific legacies to two grand-daughters, and then provided, that "the above and foregoing specific legacies to my said grand-daughters, is not in any way to vitiate the right to an equal portion of my estate, both real and personal, with the other legatees named with them in this my last will, but as an additional portion to them individually."

After other specific legacies, the seventh item was: "It is my will and desire that after the foregoing provisions and requirements of this my last will, shall have been complied with and executed in accordance therewith; that the residue and balance of my estate, both real and personal, shall be distributed and divided among the hereafter named legatees, in manner and form as follows, (to wit,) whereas at a division of the estate of Richard Randolph, deceased, which took place on 27th November, 1844, there was a portion of the property of said estate set-off to each individually, *differing in amount*, and subject to an equalization at a subsequent and final division of said estate: This fact is recorded in a small memorandum book, to which this refers, and which is now in my possession; that Thomas P. Randolph, then received property valued at $2,250; that Martha P. Triplett, received property valued at $2,050; that Richard H. Randolph, received property valued at $2,100; that Robert R. Randolph, received property valued at $2,928—

making in the aggregate, the sum of $9,328—the one-fourth of which being $2,332, is a distributive share:   The individual receiving more than a share, shall  receive that much less,  and those receiving less than a share, as much more as shall  equalize them all, when the final division shall be made.

It is  my will  and desire, that  the  following named legatees shall receive  share and share alike,  under the provisions of the foregoing items in  this  my will, (to wit,)  Martha P.  Triplett, Robert  R.  Randolph,  Isabella  Randolph,  Louisa  Maria  Randolph,   Jancintha  Dorothy  Randolph,  Edmund  Randolph, Thomas Randolph, Richard Randolph,  the children of my  son Thomas P. Randolph, deceased ;  and  Eliza  Bullock Randolph, Eugenia  Randolph,  Richard  Randolph,  Anne  Randolph,  the children of my son Richard H. Randolph, deceased."

On the trial, it was admitted, that Martha P. Triplett and Robert  R.  Randolph,  were the  children of the  testatrix,  and the other legatees named were the grand-children ; and it was also admitted, that the property divided in 1844,  was the property of testatrix, and not the property of Richard Randolph, her deceased husband ; and it was proved at the trial, that  Martha Triplett the daughter of testatrix,  had two children  living when the will was  made, and at  testatrix' death ;  also, that Robert  R. Randolph had one child living at the death of testatrix.   The memorandum book containing the items  referred  to by the testatrix in her will, was also read in evidence.

The question submitted to the Court below was,  whether the distribution under  this  *seventh* item,  should be *per stirpes* or *per capita.*

The Court decided and so charged the Jury, that the children and  grand-children, took *per capita* the residue, after equalizing the  division of 1844.   That in order to  equalize that division, the executrix should retain from Robert R. Randolph's part, the excess he received in  the  division of 1844, and pay therefrom to Martha  P. Triplett, the deficiency of her  share ;  to the children of Thomas P. Randolph, the deficiency of his share, and to the children  of Richard H. Randolph, the deficiency of  his share.

This decision and charge are assigned as error.

Pending the trial, counsel for Robert R. Randolph and Martha P. Triplett, offered in evidence a deed from the testatrix, conveying to the children of Thomas P. Randolph, that property which was set apart to Thomas P. under the division of 1844, as appeared by the memorandum book. The Court rejected the evidence, and this also is assigned as error.

Toombs, for plaintiff in error.

Barnett, for defendant in error.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The only question involved in this case is, the proper construction to be given to the will of Mrs. Dorothy Randolph. Was it the intention of the testatrix, that the legatees should take *per capita* or *per stirpes*? Taking the whole will together, we are of the opinion, that the testatrix intended that the legatees should take *per stirpes*, and not *per capita*. This view of the question is greatly strengthened, when viewed in the light of the surrounding circumstances, the condition of her family, and the division which she had previously made of a part of her property, to which she expressly refers, in the 7th clause of her will. It appears from the record, that in November, 1844, the testatrix divided a portion of her property among her children, but the division was not equal, but was to be made equal, on the *final* division of the property. She then recites the amount each received. Who did the testatrix mean, when she used the term "legatees?" Did she mean her children then in life, and each *family* of grand-children, as representing those who were dead? Or did she mean each one of her children then in life, and each one of her grand-children without regard to *families*? If she intended that each of her children then in life, and each one of her grand-children of those who were dead, should take *per capita*, by the description of "legatees," why did she omit to mention the names of Mrs. Triplett's two chil-

dren, and the name of the child of Robert R. Randolph? They were her grand-children, but their parents were in life to represent them, but the parents of the other grand-children named, were not in life, although the testatrix expressly states, which of them are the children of her son Thomas Randolph, deceased, and which of them are the children of her son Richard H. Randolph, deceased, thus showing that she had in her mind the *distinct families* of her grand-children. The first part of the seventh clause of the will, manifests pretty clearly whom she meant when she used the term "legatees."

It is my will and desire, that the residue and balance of my estate, both real and personal, shall be distributed and divided among the "*hereinafter named legatees*," in manner and form as follows, to wit: whereas, at a division of the estate of Richard Randolph, deceased, (this property was admitted to have been the property of the testatrix, and not the property of her deceased husband,) which took place on the 27th of November, 1844, there was a portion of the property of said estate set off to "*each individually*," differing in amount, and subject to an equalization at a subsequent and final division of said estate; this fact is recorded in a small memorandum book to which this refers, and which is now in my possession, that Thomas P. Randolph then received property, valued at $2,250, &c. reciting the amount which each one of her children received.

The testatrix wishes her property divided among the "*hereinafter named legatees*;" and then recites, that at the division made in 1844, a portion of the property was set off to "*each individually*," differing in amount, &c., that is to say, "each of the individual legatees" among whom I wish my property divided, received at the division in 1844, certain specified amounts of property, which the testatrix goes on to mention, and by whom received, naming her *four children*. She had doubtless been accustomed to speak of her children, as the *legatees* of her deceased husband. Her mind appears to have been fixed upon an *equal* distribution of her property, according to the basis stated in the memorandum book, to which she refers. After stating what was the basis of that distribution between her four children, and

the several items thereof, she further says, it is my will and desire, that the following named legatees shall receive share and share alike, *under the provisions of the foregoing items, in this my will,* to wit: Martha P. Triplett, Robert R. Randolph, who were her children then living; and reciting the name of each grandchild, specifying who were the children of her deceased son Thomas, and who were the children of her deceased son, Richard H. It is true, that the testatrix, in the latter part of the seventh clause, enumerates her grandchildren as legatees; but in what *manner* are they to take *as legatees,* is the question? The counsel for the defendants in error insists, that they are to take *per capita,* share and share alike, and such certainly would be the legal effect of the latter part of the 7th clause of the will, but for the other expressions contained in it denoting a *different intention.* While we admit the general rule as contended for by the defendants in error, in the absence of any *contrary intention ;* yet, the legatees will take *per stirpes,* if the testator's *intention to that effect* appears from other expressions in the will. *Roland vs. Gorsuch,* 2 *Cox,* 187. If the testatrix intended the legatees should take *per capita,* and not *per stirpes,* why did she refer to the partial division made of her property in 1844, and carefully state in her will the several items of that division? The division in 1844, was made in *four* unequal parts, but was to be made equal on the *final* division, and the testatrix carefully refers to and states the several *items of that division.* The testatrix then declares, " that the following named legatees shall receive share and share alike, *under the provisions of the foregoing items in this my will, &c.*" By the foregoing items to which she refers, there were but *four legatees* recognized, and the *final* division of the property was to be made *equal between them ;* that is to say, at the final division, the property was to be divided into *four* equal parts, taking into view what each one had previously received.

This intention of the testatrix is *patent* on the face of the will. She recognized her two *living children,* and each *family of the children* of her two deceased sons, as *the legatees,* between whom she desired and equal division to be made, an such a division

will be " according to the foregoing items," which is *the manner* she expressly declares, they shall receive the property.

Let the judgment of the Court below be reversed.