## P. R. NICHOLS et al. *v.* FRANCIS A. DENNY et al.

1. JOINT TENANTS: SURVIVORSHIP IN REAL AND PERSONAL ESTATE ABOLISHED IN THIS STATE.—By the Act of 1803, re-enacted in 1822 (Hutch. Dig. 614, § 12), the right of survivorship of joint tenants in land was abolished, and upon the death of a joint tenant, his interest in land so held was made subject to descent, de-

vise, and distribution, according to the rule prescribed by the Statute of Wills. By the 52d section of this last statute, personal estate is placed on the same footing as real estate, as to descent and distribution; and by the Act of 1822 (Hutch. Dig. 673, Art. 2, § 2), provision is made for a division of the personalty of a decedent "in the same manner and subject to the same regulations, as are prescribed for the partition of real estate;" it follows, therefore, that though there is no express abolition of the common law rule of survivorship among joint tenants, of personal estate, that by necessary implication it is abrogated by the provisions of the foregoing statutes.

2. WILL: CONSTRUCTION OF BEQUESTS TO SEVERAL PERSONS.—If a contrary intention does not appear on the face of the will, the rule is, that when a gift is made to the children of several persons, as a gift to the children of A. and B., or to the children of A. and the children of B., they take *per capita*, and not *per stirpes;* so if a gift be to A. and the children of B. See 2 Jarm. on Wills, 111; *Weld* v. *Bradley*, 2 Verm. 705; 1 Cox R. 250; 10 Ves. 166; 8 Ib. 604; 1 Beav. 607; 1 Hill Chy. R. 153.

3. SAME: SAME: REMAINDERMEN: WHO EMBRACED IN.—Where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or to the children of any other person, such gift will embrace not only the objects living at the death of the testator, but all who may subsequently come into existence before the period of distribution. See 2 Jarman on Wills, 111.

APPEAL from the Court of Probates of Adams county. Hon. Reuben Bullock, judge.

In May, 1836, William B. Lintot died, leaving a last will and testament, which was duly probated, in that year, in the court below. After making several small bequests, the testator provided as follows: "My personal property to remain with my dear mother, during her natural lifetime. Then one-half of the balance to be given to my dear step-brothers, Philip and Charles Nichols; the balance to be equally divided between my nephews and nieces, Surgets and Dennys."

By a codicil to the will he provided as follows: "I give and bequeath to my brothers, Philip R. and Charles M. Nichols, my 'Tally-Ho' plantation, and all my right, title, and interest in and to the 'Leisure Hill' plantation.

"I give and bequeath to my sisters, Mrs. Frances A. Denny and Mrs. Catharine E. Surget, their heirs, executors, &c., forever, all my right, title, and interest in and to the estate of William Lintot, deceased."

Afterwards, in November, 1855, the said Charles M. Nichols died, leaving a will, which was duly probated in the court below soon after his death. C. M. Nichols, by his will, after making some inconsiderable bequests, provided as follows :

" The balance of my property, both real and personal, I give and bequeath to my mother, during her natural life; and after her death it is to be divided equally between the children of my brother, Philip R. Nichols, and my sister, Fanny A. Denny."

In 1857, Mrs. Abigail G. Nichols, the mother of both the testators, and the legatee for life in their wills, died; and after her death both of the estates were finally settled without any distribution having been made,—their whole estates being in the possession of Mrs. Fanny A. Denny.

Catharine Surget and Frances A. Denny were sisters of the testator, Lintot, and were alive at his death, and at the date of his will. William B. L. Denny, David A. Denny, and Mrs. Frances Gillespie, are children of Frances A. Denny, and nephews and niece of William B. Lintot, and they were all alive at the death of Mrs. Abigail G. Nichols, the tenant for life. James Surget and Mrs. Catharine Minor are children of said Catharine E. Surget, and the nephew and niece of said William B. Lintot, and they were alive at the death of said Abigail.

It is stated in an agreement of counsel, made a part of the record, that " one or more of the children, Surgets and Dennys, were born since the death of W. B. Lintot, and the balance of them were in *esse* at that time."

Philip R. Nichols is the brother of the testator, Charles M. Nichols; and his children, George D., Charles M., James M., and Richard M., who are petitioners with him, were all born and alive at the time of the death of the testator, Charles M. Nichols.

Philip R. Nichols, for himself and his children, filed his petition seeking distribution of the two estates; and he insisted that he was entitled, by survivorship, to the interest of Charles M. Nichols, under the will of Lintot, which, with his own, was one-half thereof. The petition also insisted for Philip Nichols's four children that each of them was entitled to one-fifth of the estate bequeathed to them and Mrs. Denny by the will of Charles M. Nichols.

Mrs. Denny and her children answered and insisted that P. R.

Nichols was not entitled by survivorship to the interest of C. M. Nichols, under the will of Lintot, but that his interest should be divided according to the provisions of his will; and that by his said will one-half of his estate would go to Mrs. Denny, and the other half to the children of P. R. Nichols. These defendants also insisted that the one-half of the estate of Lintot, bequeathed to his nephews and nieces, the Surgets and Dennys, should be divided *per capita*, and not *per stirpes*.

James Surget and Catharine Minor answered and insisted, that they were entitled to one-fourth of the estate of W. B. Lintot, or that the one-half of the balance bequeathed to the Surgets and Dennys should be divided *per stirpes*, and not *per capita*.

The court below decreed distribution as follows:

1. That Philip R. Nichols was entitled, by survivorship, to C. M. Nichols's interest, and therefore to one-half of W. B. Lintot's personal estate.

2. That the other half of the personal estate of Lintot should be divided *per capita* between W. B. L. Denny, David A. Denny, Frances Gillespie ("the nephews and niece Dennys"), and Catharine Minor (the niece Surget), (omitting James Surget, her brother, for a reason not stated in the record), giving to each one-fourth of one-half.

3. The real estate of Lintot, which was devised by him to Philip and Charles Nichols, was decreed to be distributed as follows: one-half to P. R. Nichols, and the other half (the interest of C. M. Nichols) was directed to be devised, under his will, between the children of said Philip and Mrs. Denny, *per stirpes*, giving to Mrs. Denny one-fourth of the said realty, and to said children one-fourth.

4. The estate of Charles M. Nichols was divided as follows: one-half was decreed to Mrs. Denny, and the other half to the children of P. R. Nichols.

From this decree all the parties appealed.

*Hewett*, for Nichols,

Cited *Barnes* v. *Porter*, 4 Pick. 207; *Shattuck* v. *Stedman*, 2 Ib. 468; 14 Ib. 114; Bacon Ab., tit. Joint Tenant, F.; Roll. Abr.

87–89; *Dingly* v. *Dingly*, 5 Mass. 537; *Olney* v. *Hall*, 21 Pick. 311, 3 Ves. 630.

*Will T. Martin*, for Mrs. Minor and James Surget,

Cited 2 Jarm. on Wills, 74, 111; *Middleton* v. *Messenger*, 5 Ves. 136; *Walker* v. *Shore*, 15 Ib. 121, 4 Paige, 47; *Dingly* v. *Dingly*, 5 Mass. 530; *Annable* v. *Patch*, 3 Pick. 364.

*J. Winchester* and *R. North*, for Mrs. Denny and her children,

Cited Hutch. Dig. 614; Preston on Estates, §§ 20, 21, 22, 23, and 27; *Cole* v. *Creyon*, 1 Hill Ch. R. 311; *Conner* v. *Johnson*, 2 Ib. 41; *Cruger* v. *Heyward*, 2 Desauss. 94; *Hamlet* v. *Hamlet*, 12 Leigh. 350; *Myers* v. *Myers*, 2 McCord Ch. 257.

HARRIS, J., delivered the opinion of the court.

This cause is before us upon appeals, by all the parties, from the judgment and decree of the court below.

The record shows, that Philip R. Nichols, for himself and in behalf of his children, George D., Charles M., James M., and Richard M. Nichols, minors, filed a petition in the Court of Probates of Adams county, against Frances A. Denny, Catharine Minor, and her husband John Minor, and James Surget, citizens of this State, and William B. L. Denny, David A. Denny, Frances Gillespie, and her husband, James Gillespie, non-residents, defendants, praying the ascertainment and allotment to the said petitioners, of the legal portions of the estate of William B. Lintot and Charles M. Nichols, deceased.

The petition shows that the said Charles M. Nichols died on the 11th of November, 1855, and the said William B. Lintot died long before, to wit, in the year 1836, both leaving wills.

The main questions presented for our determination arise out of the construction of these wills.

The first questions to be considered grow out of the following clause of the will of William B. Lintot, deceased:

"My personal property to remain with my dear mother during her natural lifetime, then one-half of the balance to be given to my dear step-brothers, Philip and Charles Nichols, the balance to be equally divided between my nephews and nieces Surgets and Dennys."

It is insisted, under this clause, that upon the death of Charles M. Nichols, his brother Philip became entitled to the legacy bequeathed to him and the said Charles jointly, by right of survivorship; that the statute of this State, abolishing the right of survivorship incident to joint estates at common law, applies only to real estate, and has no application to personal property.

At common law, the interest of a joint tenant was not devisable. 4 Kent, 398–9, & 604 (9th edit.). The *jus acrescendi*, attached instantly on the death of the devisor, and the law favored joint tenancy. Or, according to Lord Coke, there is priority, even in an instant of time, in favor of the survivor. Coke Litt. 185, b; 1 Black R. 476; 4 Kent, 399–604.

By the Act of March 4th, 1803, re-enacted in 1822, sect. 12, Hutch. Code, p. 614, the right of survivorship in land was abolished. It was, therefore, subject to descent, devise, and distribution, as estates held in common, according to the provisions of the Act of 1821. Hutch. Code, p. 623, s. 50.

And by the 52d sect. of the same act, personal estate is placed on the same footing as real estate, as to descent and distribution. And by the Act of June 30th, 1822, provision is made for its division " in the same manner, and subject to the same regulations, as are prescribed for the partition of real estate." It seems, therefore, to result, that there can be no survivorship in personal, any more than real property.

Philip Nichols is not therefore entitled to the whole of the legacy bequeathed to him and his brother Charles, by this clause of the will of Lintot.

It is next insisted, under this clause of the will, that the " balance to be. equally divided between my nephews and nieces, Surgets and Dennys," means, that the said nephews and nieces are to take as classes, *per stirpes*, and not *per capita*.

In the absence of any intention to the contrary on the face of the will, the rule is, that " where a gift is to the children of several persons, whether it be to the children of A. and B., or to the children of A. and to the children of B., they take *per capita*, not *per stirpes*." 2 Jarman on Wills, 111; *Weld* v. *Bradley*, 2 Vermont, 705; *Lugar* v. *Harmar*, 1 Cox R. 250; 10 Ves. Jr. 166; 8 Ves. Jr. 604; 1 Beav. 607; Ex parte Leith. 1 Hill Ch. 153.

It is again insisted, that under this clause of the will, that only the nephews and nieces living at the death of the testator were entitled to share his bounty; and that those born afterwards, and prior to the determination of his mother's life estate, are not so entitled. The rule, however, is well settled to the contrary, and is thus stated by Mr. Jarman, in his Treatise on Wills, 2d vol. p. 74: "That where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or the children of any other person, such gift will embrace not only the objects living at the death of the testator, but all who may subsequently come into existence before the period of distribution."

The next question presented, arises under the will of Charles M. Nichols, as follows: " Item. The balance of my property, both real and personal, I give to my mother during her natural life, and after her death it is to be divided equally between the children of my brother, Philip R. Nichols, and my sister, Fanny A. Denny." And it is urged, that the testator intended by this provision that the estate so devised should vest in the children as a class, only one-half to be equally divided among them, and the other half to vest in his sister, Mrs. Denny.

We think no such intention legitimately appears in the remotest degree, and the rule, in the absence of all indication of such intention is, that the beneficiaries are to take *per capita*. 2 Jarman on Wills, p. 111.

The children of Philip R. Nichols and Mrs. Denny are placed on an equal footing, each taking an equal part, under this clause of the will.

Let the decree be reversed, and cause remanded for further proceedings, in accordance with this opinion.