## 474 SUPREME COURT OF GEORGIA.

FRASER, guardian, vs. DILLON et al.

Under the provis'ons of the will in this case, the two children of Leonora Pellertier took the share which their mother would have had, taking per stirpes and not per capita.

(a) Intention is the cardinal rule for construing a will; and parol evidence may be admitted to show the circumstances which surround the testator at the time he made his will, in order to arrive at a correct construction thereof. In the absence of anything in the will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be the channel of n··tural descent. To interrupt or disturb this descent or direct it in a different course, should require plain words to that effect.

(b) The case in 2 P. Wms. 384, does not conflict with this ruling, and does not sustain the dicta in Jarman on Wills, 756.

March 23, 1887.

Wills. Estates. Before Judge ADAMS. Chatham Superior Court. December Term, 1886

Reported in the decision.

DUBIGNON & FRASER, for plaintiff in error.

DENMARK & ADAMS, for defendants.

BLANDFORD, Justice.

The questions in this case arose upon a construction of the 6th and 7th items of the will of David R. Dillon. By the 6th item, the testator directed as follows:

"I give and bequeath to Rachel Dillon, · in addition to what she now had given to her during her natural life, lots numbers one, Liberty ward, and improvements, known as the St. Andrew's Hall, during her natural life, and [after her death, lots numbers one and lots number eleven and twelve, Liberty ward, to Sarah Mousseau and the children of Leonora Pellertier (now deceased), her two children."

The seventh item is as follows:

"I also give and bequeath to Sarah Mousseau, and the children of Leonora Pellertier, and James, Benjamin and David, children of

Rachel, all the lands south of the city of Savannah, in the State of Georgia, not otherwise disposed of or devised; also one hundred acres on the Louisville road on land purchased at sheriff's sale by me; also five acre lot of land, part of the Desverges tract, leased to Richard Baker, and all other lands and property not disposed of in the State of Georgia.''

It is shown by the testimony that Rachel Dillon was the wife of the testator; that Sarah Mousseau and James, Benjamin and David, mentioned in the will, were the children of the testator; and that Leonora Pellertier, who died before the testator, was the daughter of the testator, and her two children were the grandchildren of the testator.

In the construction of wills, the intention of the testator is to be diligently searched for; and when the same is ascertained, it must be carried out, unless it be contrary to some of the known rules of law. Code, §2456. And parol evidence may be admitted to show the circumstances which surrounded the testator at the time he made his will, in order to arrive at a correct construction of the same. Code, §2457.

Again, it is laid down, as a cardinal rule of construction, that in the absence of anything in the will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be the channel of natural descent. To interrupt or disturb this descent, or direct it in a different course, should require plain words to that effect. See *Wright vs. Hicks*, 12 *Ga.* 163. And this rule is laid down in the case of Ferrer *et al. vs.* Payne, 81 N. Y. 281; 33 Conn. 222; 40 Penn. 115.

In construing this will by this rule, it is manifest to us that the testator intended, by the devise to the children of Leonora Pellertier, together with the other persons who were his children and the brothers and sisters of Leonora Pellertier, deceased, to give those children the same share or part which their mother, Leonora, would have taken had she been in life; that is to say, that they took *per stirpes* and not *per capita*. There is nothing in this will which

plainly indicates a different purpose on the part of the testator. While we recognize the fact that there are some decisions contrary to the ruling which we make, yet we think that the weight of authority is in favor of our ruling.

We do not think that the case of Backler *vs.* Webb, 2 P. William's Rep. 384, collides with what is here ruled. In that case, the Lord Chancellor held that where the devise was to the children of a living daughter, it was the intention of the testator that the children should take *per capita* with the other devises in the will, as they could not represent their mother, she being alive. And this case is the authority relied upon by Mr. Jarman in 2 Jarman on Wills, 756, and we do not think the case sustains his *dicta.* The court below having held that the children of Leonora Pellertier took *per stirpes*, and not *per capita*, with the children of the testator, the judgment is affirmed.