WHITE *et al. v.* HOLLAND *et al.*

1. Under a will by which, in one item, the testatrix, a married woman, devised and bequeathed to her husband certain property for his life, and after his death the same to be divided equally between D., H., and the lawful children of G., and by another item directed that the remainder of her property be sold and the proceeds equally divided between D., H., and the lawful children of G., the children of G., in the distribution of the estate, took *per stirpe* and not *per capita*, it appearing by *aliunde* evidence that D. and H. were sisters, and G. a brother, of the testatrix, all in life, and all having children, when the will was executed; that the testatrix was very fond of her sisters and of their children and the children of her brother, and had a favorite among the children in each of the three families; and that she did not desire her brother should have any of her property, both on account of his financial embarrassment, and of certain conduct in his past life.

2. Parol evidence was admissible to show the circumstances surrounding the testatrix at the time her will was made, in order to arrive at a correct construction thereof.

June 26, 1893.

Equitable petition.   Before Judge HUTCHINS.   Jackson superior court.   February term, 1892.

White and others brought their petition against the executor of Mrs. Gilleland and others, for injunction, construction of the will, etc.   The case was submitted by consent to the judge without a jury.   For the other facts see the decision.

W. I. PIKE, for plaintiffs.   J. B. ESTES, for defendants.

LUMPKIN, Justice.

1. The substance of the material portions of Mrs. Gilleland's will, and of the evidence showing the circumstances surrounding the testatrix when the will was made, is set forth in the first head-note.   We are of the opinion that the testatrix intended that each of her sisters should have one third, and the children of her brother the remaining one third, of the property which was to be divided among them.   If we had nothing to guide us but the will itself, the question presented would by no means be free from difficulty; but in the light of the extrinsic evidence, there can be little doubt of the correctness of the conclusion we have reached.   In 2 Jarman on Wills, page 756, the doctrine is laid down that where there is a devise or bequest to a given person and the children of another person standing in the same relation to the testator, as to "my son A and the children of my son B," A takes only a share equal to that of one of the children of B; but the author also says, "this mode of construction will yield to a very faint glimpse of a different intention in the context." See, also, Schouler on Wills, §540.   If the general rule of construction be as stated by these text-writers, it would seem that it ought also to yield when there is evidence outside of the will going to show a different intention on the part of the testator.   This, certainly, should afford as good reason for departing from the usual

mode of construction as would "a very faint glimpse of
a different intention in the context" of the will itself.
In the present case, it appeared that each of the sisters
of the testatrix had a number of children; that she was
very fond of her sisters, and also of their children and
the children of her brother, and had a favorite among
the children in each of the three families; and that she
did not desire her brother should have any of her prop-
erty, both on account of his financial embarrassment,
and of certain conduct in his past life. These things be-
ing so, and there being nothing in the will expressly
showing an intention on the part of the testatrix to give
the children of her brother an advantage over her sis-
ters, we think it a most natural conclusion that the tes-
tatrix intended that her sisters should be equal with the
family of her brother in the distribution of her bounty.
The fact that the brother of the testatrix was in life
when her will was made, and that she excluded him from
any benefit under it, in connection with the other facts
mentioned, leaves scarcely any room to doubt that by
the ruling of the court below, which we have affirmed,
the precise result desired by the testatrix has been
reached. This is exactly what should be done in con-
struing every will, when it can be accomplished without
doing violence to the plain and obvious meaning of its
terms, or to some settled rule of law.

As will have been seen, we have, in deciding this case,
considered not only the language of the will, but the
*aliunde* evidence mentioned, and have not ruled what
construction should be given to the will considered by
itself. It was strongly urged by the able counsel who
appeared for the defendants in error, that even in that
event the same result should follow. In support of
this view, he cited *Fraser* v. *Dillon et al.*, 78 *Ga.* 474, in
which there was a devise to Sarah Mousseau and the
children of Leonora Pellertier, and this court held that

these children took *per stirpes* and not *per capita*. That case, however, is not precisely in point, because of the fact that Mrs. Pellertier was not in life when the will was made; and undoubtedly, in construing the will of David R. Dillon, this court laid some stress upon the presumption that, in the absence of anything in the will to the contrary, the testator intended that his property should go where the law would carry it by the rules of inheritance, which reasoning is not applicable to the case at bar. The ruling of this court in *Mayer* v. *Hover*, 81 *Ga.* 308, seems to sustain, in principle, the position of the counsel referred to, but it does not appear from the report of that case what were the surroundings of the testator in making his will, or whether or not any aid from them was invoked in construing it.

Risk's Appeal, 52 Pa. St. 269, 91 Am. Dec. 156, is precisely in point, and supports the contention that under Mrs. Gilleland's will, without reference to extrinsic facts, the children of the brother should take *per stirpe*. There are, however, respectable authorities to the contrary, and we do not deem it necessary in the present case to decide this question. We prefer to avail ourselves of the *aliunde* facts, because by so doing we are the more certain of reaching the right conclusion.

2. It is well settled that parol evidence is admissible to show the circumstances surrounding a testator at the time of making his will, in order to arrive at a proper construction of its terms, when there is doubt of their true meaning and intention. This was distinctly ruled in *Fraser* v. *Dillon*, *supra*, and will, we think, be accepted as sound law without further argument.

*Judgment affirmed.*