ALMAND *et al. v.* WHITAKER, executor, *et al.*　　　　|113　889|
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　|p116　263|

Under the general rule of construction, a will whereby property is given to the named "children" of A., to the named "heirs" of B., and to C., with provision for an "equal division," must, when there is nothing to indicate a contrary intention on the part of the testator, be so interpreted and carried into effect as that the beneficiaries shall take per capita and not per stirpes.

Argued June 25, — Decided July 19, 1901.

Petition for direction.　Before Judge Reagan.　Rockdale superior court.　December 14, 1900.

*A. C. McCalla* and *J. R. Irwin*, for plaintiffs in error.
*George W. Gleaton*, contra.

LUMPKIN, P. J.　In the second item of the will of James H. Smith he devised certain land to his two daughters, Mrs. Jane E. Overton and Mrs. Mary O. Cowen.　The third item of his will read as follows: "I give and bequeath the balance of my lands, consisting of three hundred and fifty acres, to the following named heirs of my estate: to Mrs. Nancy A. McDonald's children, names as follows, Mrs. E. B. Almand, Mrs. Martha L. Still, James M. McDonald, Benjamin B. McDonald, Howard C. McDonald; to the heirs of H. F. Smith, Mrs. Elma M. Harper, William C. Smith,

Isaac D. H. Smith, Wilmer Z. Smith, and Bettie Nannie M. Smith ;
the above-named lands to be sold by my executor and equal divi-
sion made between the above-named heirs as soon as practicable
after my decease; also, John H. Smith, who is now living in Texas,
who is my eldest son." The question for decision is whether, un-
der the latter item, the named devisees each took an undivided
eleventh of the proceeds of the 350 acres of land, or whether the
proceeds thereof were to be divided into three equal shares, one of
which should go to the five children of Mrs. McDonald; another
to the five heirs of H. F. Smith, and the remaining share to John
H. Smith, the testator's son who lived in Texas. The trial judge
held that the division should be made as last indicated; that is,
per stirpes. We are of the opinion that it should be made per
capita. The general rule of construction is that, "under a gift to
'children and grandchildren,' or to A and the children of B, or the
children of A and B, or to the children of A and the children of B,
or to A and B and their children, or to a class and their children,
all take per capita;" though the "presumption in favor of a per
capita distribution yields readily in favor of any indication of a
contrary intent." 29 Am. & Eng. Enc. L. 421 – 424. To the same
effect, see 2 Jarman on Wills, 756, and Schouler on Wills, § 540.
This general rule applies, we think, to the present case; for there is
not in the will now before us "any indication of a contrary intent,"
or what Mr. Jarman terms "a very faint glimpse of a different in-
tention in the context." On the contrary, the testator named eis
nominibus the precise persons who were to receive the proceeds of
the lands mentioned in the third item of his will. He further de-
clared, in the most distinct and unequivocal language, that these
lands should be sold by his executor "and equal division made be-
tween" the ten persons first mentioned as heirs and his son John H.
An equal division could not possibly be made among these eleven
persons without giving to each of them an eleventh of the proceeds
of the realty. A division on any other plan would, it seems, defeat
the express direction of the testator, so far as the same may be
gathered from the language he employed in framing his will.

It was insisted on the argument here that as the word "be-
tween" was used after designating by groups the children of Mrs.
McDonald and the heirs of H. F. Smith, and as this term could be
properly employed, relatively to devisees, only with reference to

two persons or groups of persons, it indicated an intention on the part of the testator to make a division per stirpes. Grammatically, this is true as to the word " between "; and if the will had in this connection made no mention of John H. Smith, the testator's eldest son, the contention of counsel would be forcible indeed. But as John H. was specifically named, and as he was to share equally with the others in the division contemplated by the testator, it is manifest that the latter did not employ the term " between " in its usual and proper grammatical sense. This case is clearly distinguishable from that of *White* v. *Holland*, 92 *Ga.* 216; for there the will under consideration, though quite similar to the one now before us, was construed with reference to competent aliunde evidence throwing light upon the testamentary intention.

*Judgment reversed. All the Justices concurring.*