MACLEAN *et al.*, executors, *v.* WILLIAMS, by next friend.

A will contained the following item : "I give, devise, and bequeath all the rest and residue of my estate, of every description and kind, and wherever situate, and not by this will fully disposed of, as follows : I direct that two thirds thereof be distributed in equal shares to such persons in life at the time of my decease who would then be the heirs at law of my deceased husband had he survived me, and that the other one third be distributed in equal shares to my own heirs at law then in life." *Held*, that the distribution provided for among the heirs at law of the testatrix should be per stirpes and not per capita.

Argued July 1, — Decided August 8, 1902.

Equitable petition. Before Judge Barrow. Chatham superior court. January 24, 1902.

*Adams, Freeman, Denmark & Adams*, for plaintiffs in error.
*Walter G. Charlton* and *Groover & Johnston*, contra.

Cobb, J. The single question involved in this case is, what is the proper construction to be placed upon the 8th item of the will of Elizabeth H. Mills, which is set forth in the headnote which precedes this opinion? At the date of the death of the testatrix there were no brothers or sisters of her deceased husband in life, but there were then living children and descendants of children of three deceased brothers. The kindred of the testatrix at the date of her death consisted of two half-sisters on the paternal side, nephews and nieces who were children of deceased sisters, and grandnephews and nieces. The will of the testatrix is a lengthy document, consisting of many items, some of them being subdivided into numerous sections. She died possessed of a large estate which came to her through her deceased husband, and, having no children, she divided the estate between her kindred and those of her husband. In more than one item of her will she distinctly provided for a distribution per stirpes among those who were to take under the items. The item which we are called upon to construe disposed of the residue of the estate after the greater part of the same had been disposed of by legacies both general and specific. The question to be determined is, whether under this item those persons who answer to the description of heirs at law of the testatrix take per stirpes or per capita. The heirs at law of a deceased person are those who are entitled to take the estate under the statute

17

of distributions when the decedent dies intestate. When the expression "heirs at law" is used in a will and is unaccompanied by any qualifying or explanatory language, there is but one place to which resort must be had to ascertain what persons are within the meaning of this descriptive term, and that is the statute of distributions. Those falling within the description are entitled to the estate of the decedent, unless there is some law declaring to the contrary, or the decedent has died testate and the language of the will is such as to indicate that the intention of the testator was that some other persons than those who would take under the statute of distributions should take, or, if under the will the estate goes to those who would take under the statute, the testator intends that they shall take in a different manner than that provided in the statute. The will of a testator is the law which controls the question as to who shall take the property of the decedent; and this law, if clearly manifested by the terms of the will, will be allowed to prevail over the provisions of the statute of distributions, both as to what persons shall take the property and as to the interest which they will take therein, if there is nothing in the provisions of the will which contravenes the general policy of the State. The intention of the testator is to absolutely control. Not only may the rules of grammar be entirely disregarded in order to carry into effect the manifest intention of the testator, but even well-defined technical terms of the law will be given an unusual meaning, or will be held to be meaningless, when it is clear from the provisions of the will that the testator did not use them in their technical sense, or when, to carry out his intention, it is necessary to entirely disregard such technical terms. If, however, the will uses words which have a well-settled, definite meaning in the law, and there is nothing in the will itself to indicate that it was the intention of the testator that such words should be given any other meaning than that which the law gives them, then it is to be presumed that it was the intention of the testator that the words should be construed in that sense in which the law would ordinarily construe them.

The words "heirs at law" have in law the well-settled meaning above stated, and whenever these words are found in a will, unaccompanied by any qualifying or explanatory expressions, they will be given the meaning which the law ordinarily gives them, and

only the persons will come within the class thus described who would take the property of the decedent under the statute of distributions if there had been no will. See Page, Wills, § 556. If the item of the will under consideration had simply provided that the property thereby bequeathed should go to the heirs at law of the testatrix at her death, it would seem to be clear that those who would take under the will would be those persons who were then in life answering to that description under the statute of distributions. But the will provides that the persons answering the description of heirs at law of the testatrix at the date of her death shall take in *equal shares*. All individuals who may take under the statute of distributions do not necessarily take in equal shares; and it is therefore insisted that while we must go to the statute to find who are the persons within the descriptive terms, after having determined this the statute has no further bearing upon the question, and that the individuals coming within this class are each to take an equal share in the property which passed under the item of the will. It is the general rule that a devise to named individuals in equal shares would call for a per capita distribution, and that a devise to a class, such as "all my nephews," and the like, would also call for a per capita distribution. When the words "heirs at law" are used in a will, unless there is something to indicate a contrary intention, it is to be presumed that the testator intended not only that the persons taking should be those who would take under the statute of distributions, but that the quantum of interest of each should be what each individual would take under the statute. Is the use of the expression "equal shares" alone sufficient to overcome this presumption? The shares under the statute of distributions are equal. As was said in *Odam* v. *Caruthers*, 6 *Ga.* 42, persons standing in unequal degrees are allowed to take per stirpes "to fulfil the equity of the statute, which contemplates an equal distribution." If all the heirs at law stand in the same relation to the decedent, they take equally per capita. If some stand in different degrees from others, they take per stirpes, but they take equally nevertheless. The estate in either event is divided into shares, and equal shares, although in the one case each share goes to an individual, and in the other case the equal shares go to a class of individuals. The statute of distributions sets forth the settled policy of the law as to where the estate of a

decedent shall go.    While a testator is allowed to ignore, either in part or altogether, the rules laid down in that statute, it will not be presumed that it was the intention of the testator to disregard the law as it is contained in the statute in any part, unless the terms of the will are such as to make this intention manifest.    Mr. Page says:  "A devise to 'children and heirs' of two persons named, to be divided among them 'equally,' was held to call for a distribution *per stirpes,* since the word 'heirs' so strongly implies representation that it overcomes the force of the word 'children' and 'equally,' both of which call for a distribution *per capita."* Page, Wills, § 556.    In the American & English Encyclopædia of Law (vol. 15, p. 322) we find the rule stated in these words:  "A devise to heirs, whether to one's own heirs or to the heirs of a third person, designates not only the persons who are to take, but the manner and proportion in which they are to take.    Where there are no words to control the presumption, the law presumes the intention to be that they take as heirs would take by the rules of descent."    See also Schoul. Wills (3d ed.), § 538 et seq.

While adjudicated cases construing other wills are generally not helpful in arriving at what is the proper construction to be placed upon a will under consideration in a given case, for the reason that no two wills are in exactly the same language, still rulings in other cases serve to show what are the general rules to be resorted to in arriving at the intention of the testator in a given case, and the trend of judicial thought in reference to the proper application of such rules to devises or bequests of a similar nature to the one under consideration.    In the following cases bequests or devises in language somewhat similar to the item of the will under consideration in the present case were held to require a distribution per stirpes:    West *v.* Rassman, 135 Ind. 278; Taylor *v.* Fauver (Va.), 28 S. E. 317;  Houghton *v.* Kendall, 7 Allen, 72 ; Balcom *v.* Haynes, 14 Allen, 204; In re Swinburne, 16 R. I. 208; Baskin's Appeal, 3 Pa. St. 304; Templeton *v.* Walker, 3 Rich. Eq. 543; Roome *v.* Counter, 1 Hals. (N. J.) 111, s. c. 10 Am. Dec. 390; Rivenet *v.* Bourquin (Mich.), 18 N. W. 537; Ferrer *v.* Pyne, 81 N. Y. 281; Thomas *v.* Miller (Ill.), 43 N. E. 848 ; Kelley *v.* Vigas, 112 Ill. 242; Raymond *v.* Hillhouse, 45 Conn. 467, s. c. 29 Am. Rep. 688; Bassett *v.* Granger, 100 Mass. 348; Minter's Appeal, 40 Pa. St. 111; Dukes *v.* Faulk, 37 S. C. 255; Hoch's Est., 154 Pa. St. 417.    In the fol-

lowing cases somewhat similar language was held to require a distribution per capita: Bisson v. Railroad Co., 143 N. Y. 125 ; Scott's Est., 163 Pa. St. 165.; Ramsey v. Stephenson (Ore.), 56 N. W. 520, s. c. 57 N. W. 195; McKelvey v. McKelvey, 43 Ohio St. 213; Record v. Fields (Mo.), 55 N. W. 1021; Stevenson v. Lesley, 70 N. Y. 512; Nichols v. Denny, 37 Miss. 59 ; Farmer v. Kimball, 46 N. H. 435 ; Brittain v. Carson, 46 Md. 186; Richards v. Miller, 62 Ill. 417 ; Best v. Farriss, 21 Ill. App. 49 ; Hill v. Spruill, 4 Ired. Eq. 244 ; Harris v. Philpot, 5 Ired. Eq. 324; Lord v. Moore, 20 Conn. 122 ; Johnson v. Knight, 117 N. C. 122.   Of course there is no case decided by this court in which a will having identically the language of the one under consideration was construed ; but there are cases which apply the principle of the rule of construction which requires that, in the absence of a contrary expressed intent, it would be presumed that the testator intended the words, "heirs," "heirs at law," or the like, to describe not only the persons who were to take under the will but the interest that each individual was to take in the property bequeathed or devised.   "In the absence of anything in the will to the contrary, the law will presume that the testator intended his property to go where the law casts it; and to disturb this natural course of descent should require plain words to that effect." *Wright* v. *Hicks,* 12 *Ga.* 156 (10).  In *Randolph* v. *Bond,* 12 *Ga.* 362, the testatrix provided that several named legatees, children of two deceased sons, should receive, " share and share alike," certain property under the provisions of certain other items of the will.   It was held that, construing the whole will together, the children of the two deceased sons took per stirpes and not per capita.   In *Clifton* v. *Holton,* 27 *Ga.* 324, Judge Lumpkin said: "Courts should, in this country, lean to that interpretation of wills which carries out the provisions of the statute of distributions, rather than to that which defeats them."

In *Sharman* v. *Jackson,* 30 *Ga.* 224, the court had under consideration a deed which gave certain slaves to a person for life, and provided that at his death they were "to be equally divided among the heirs of the body " of the grantee.   It was held that the children of a daughter of the grantee took under the deed per stirpes, and not per capita.  Judge Lyon, in referring to the words, " equally divided among the heirs," says: " It is true, she says equally divided, but that is to be understood and construed as that equal

division made by the distribution laws, that is, that all the heirs related to the first taker equally, or in the same degree, should take equally, while those who were in the same line, but further removed, should take by representation, that is, all together standing in the place of the deceased parent, and taking but the share or proportion which is equal with the shares of the children. This is an equal division among the heirs of Wm. F. Jackson, and it is not the less so that one or more of the shares must again be subdivided into as many parts as there are grandchildren distributees." In *Fraser* v. *Dillon*, 78 *Ga.* 474, the testatrix devised certain real estate to one of her children and to "the children" of a deceased child. It was held that the children of the deceased child took per stirpes, and not per capita. It was further ruled that: "In the absence of anything in the will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be the channel of natural descent. To interrupt or disturb this descent or direct it in a different course should require plain words to that effect." In *Mayer* v. *Hover*, 81 *Ga.* 308, it was held that under a will which provided that in a certain contingency property of a certain kind should be "divided between the children of defendant and Mary A. C. Mayer, share and share alike," the children in question and Mary A. C. Mayer took per stirpes, and not per capita. See also *White* v. *Holland*, 92 *Ga.* 216. It will be thus seen that the trend of judicial thought in this State has been, from the time this court was organized, in favor of applying the rule that the words, "heirs," "heirs at law," or even "children" under certain circumstances, would require a per stirpes distribution, unless the contrary intention is plainly manifest under the terms of the will.

It is contended by the learned counsel for the defendant in error, and it was so held by the able judge whose decision is under review, that there is no authoritative ruling by this court on the subject; it being insisted that what is said in the case of *Sharman* v. *Jackson, Fraser* v. *Dillon*, as well as in others, was simply dicta of the judges writing the opinions. Be this as it may, the reasoning of the judges in the cases decided in this State in favor of the rule just referred to, and the reasoning of the judges in the cases decided in other States above cited, is more satisfactory to us than that which is found in the cases holding the contrary. Even if it

can be conclusively shown that the decisions above cited from this court are not authoritative rulings, we feel satisfied in following what has been said in those and other cases, for the reason that the line of judicial thought in this State seems to be almost unbroken in favor of applying the rule which we adopt in this case. The case of *Almand* v. *Whitaker*, 113 *Ga.* 889, is not in conflict with this line, for the reason that the will in that case named the individuals to whom the property was to go. It was held in the case of *Randolph* v. *Bond*, 12 *Ga.* 362, cited above, that under the will then being dealt with the distribution was per stirpes, even though the persons who were to take were designated by name. We are not now concerned to ascertain whether these two cases are in conflict with each other, but we are clear that no conflict exists between the *Almand* case and the present case. We therefore reach the conclusion in the present case that, as there is nothing in the item of the will except the expression "equal shares" to qualify the words "heirs at law," it is not plainly manifest from the terms of the item that it was the intention of the testatrix that her heirs at law should take per capita instead of per stirpes, as they would have taken under the statute of distributions if she had died intestate. It is insisted that because the testatrix in express terms provided for a distribution per stirpes in other items of the will, and did not in terms provide for such a distribution in the item under consideration, she intended the distribution under that item to be per capita. We do not think this reasoning is sound. The presumption is that the testatrix intended the statute of distributions to prevail wherever she failed to provide to the contrary, and there is nothing in the item now under consideration which indicates an intention on her part that the statute should not be looked to, both for the purpose of ascertaining the persons who are to take and the interest of each therein. Merely because in other items she expressly provided that those taking thereunder should not take per capita does not mean that under the item now under consideration those taking should take per capita.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*