. DUKE *v.* HUFFMAN *et al.*

Where a man conveyed property to his daughter for life, with remainder "to her children, or the representatives of children, living at the time of her death, and if she shall die without children, or the representatives of children, then living, said property is conveyed to her brother or brothers, and their children surviving;" and where at the time of the making of the deed the grantor had two sons, both of whom died before the death of the life-tenant, but each left children who survived her, upon her death without leaving children or representatives of children the children of her deceased brothers took the property per capita, there being nothing in the deed to indicate a different intention.
MAY 16, 1912.

Partition. Before Judge J. B. Park. Jones superior court. April 21, 1911.

Mattie Huffman and others filed their petition for partition of certain real estate, naming Mrs. Nannie L. Duke as defendant. The case was submitted to the presiding judge on an agreed statement of facts, in substance as follows: In 1872 Thad G. Holt Sr. executed a "deed of conveyance to my wife Nancy, and to my daughter, Ellen, to the property hereinafter described, on the considerations and with the reservations and conditions and limitations herein set forth." It recited a consideration of love and affection for his wife and daughter and a desire to save them the expense, trouble, and annoyance of administering on his estate after his death. It conveyed to his wife a house and lot where he resided, a farm containing 1,300 acres, another lot containing 90 acres, and certain personalty. It declared: "The above property is conveyed to and shall be for the sole and separate use of my said wife, Nancy, for and during her natural life, with the power of disposition by gift or will, to either or all of our children, in such

proportions as she may deem proper." He conveyed to his daughter a plantation containing 600 acres and certain shares of stock. The deed then contained the following: "This property is conveyed to my daughter, deed shall be held for her sole and separate use for and during her natural life, and after death, to her children, or the representatives of children, living at the time of her death, and if she shall die without children, or the representatives of children, then living, said property is conveyed to her brother or brothers, and their children surviving. So likewise if my wife shall die without having disposed, by gift or will, of the property conveyed to her, the same is hereby conveyed to our children and the representatives of our children, in equal parts, then living." The grantor reserved to himself a use for life and a right to change the investment, if he should deem it best. Finally he constituted himself trustee for his wife and daughter. At the time of the making of the deed the grantor had living his daughter, Ellen, and two sons, Allen and Thad Jr. They died during the lifetime of the daughter. Allen left six children, who are still living. Thad Jr. left one child, now Mrs. Nannie L. Duke. When the deed was executed Allen had two children. Four others were born to him thereafter. Nannie L. Duke was living when the deed was made. The grantor's daughter, Ellen, died without children or representatives of children.

The presiding judge held that the children of the deceased brothers of the grantor's daughter took per capita and not per stirpes, and that the land should be sold and the proceeds distributed accordingly. Mrs. Duke excepted.

*Johnson & Johnson,* for plaintiff in error.

*J. C. Barron,* contra.

LUMPKIN, J. (After stating the foregoing facts.) A man made a deed, by one clause of which he conveyed certain property to his daughter for life, and, after her death, to her children, or the representatives of children, living at the time of her death; "and if she shall die without children, or representatives of children, then living, said property is conveyed to her brother or brothers, and their children surviving." The daughter died without leaving children or representatives of children. Her two brothers died before she died. One of them left six children, the other left one child. All of them are still in life. The question is whether, under the

deed, they took the property per stirpes or per capita. In 30 Am. & Eng. Enc. Law (2d ed.), 727, it is declared, that, "under a gift to 'children and grandchildren,' or to A and the children of B, or to the children of several persons, whether it be to the children of A and B, or to the children of A and the children of B, or to A and B and their children, or to a class and their children, all take per capita in the absence of an intention to the contrary on the face of the will." This is quoted as correctly stating the general rule, in *Almand* v. *Whitaker*, 113 *Ga.* 889, 890 (39 S. E. 395), though it is added that the presumption in favor of the per capita distribution yields readily in favor of any indication of a contrary intent. It was held that a will which gave property to named "children" of A, to named "heirs" of B, and to C, with provision for an "equal division," fell within such general rule, and, in the absence of anything to indicate a contrary intention on the part of the testator, gave the property to the beneficiaries per capita and not per stirpes. See, also, 2 Jarman on Wills (6th ed. by Sweet and Sanger), 1711 et seq.

It would be unprofitable to discuss the numerous cases which have dealt with the question of whether a deed or will contemplated a distribution per capita or per stirpes. It will be found that often there was some peculiarity in the language or context which showed the intention of the grantor or testator, or that words of a different import from those employed in the deed now under consideration were used. The decision in *Maclean* v. *Williams*, 116 *Ga.* 257 (42 S. E. 485, 59 L. R. A. 125), was cited by counsel for the plaintiff in error as controlling in the present case. There the testatrix directed that two thirds of the residue of her estate should "be distributed in equal shares to such persons in life at the time of my decease who would then be the heirs at law of my deceased husband had he survived me, and that the other one third be distributed in equal shares to my own heirs at law then in life." It was held that the distribution provided for among the heirs at law of the testatrix should be per stirpes, and not per capita. There are two lines of authority where the word "heirs" is employed. One class of decisions holds, that, as it is necessary to look to the statute of distributions in order to ascertain who are the heirs, in the absence of any words indicating a contrary intention the law presumes the intention to be that they take as heirs

would by the rules of descent. Some decisions hold that the use of such words as "in equal shares" will not alone suffice to control this presumption. Other authorities hold that when the objects of a grantor's or testator's bounty have been determined by referring to the statute of distributions, the method of division is not to be determined with reference to that statute, but by the terms of the will itself. But decisions dealing with gifts to heirs have no application to the present case; nor are cases applicable, in which the words indicate a purpose to substitute certain persons or a certain class of persons in lieu of an ancestor, should he die before the time of distribution arrives, or when he was dead when the deed or will was made.

In the deed before us, in case of the death of the grantor's daughter without leaving children or the representatives of children, the property was conveyed "to her brother or brothers, and their children surviving." It was contended that the word "surviving" meant children surviving their respective parents. We think that the word "surviving" refers to surviving the life-tenant. This construction is more in accord with the spirit of the Civil Code (1910), § 3680. The daughter of the testator having died without leaving children, or representatives of children, this conveyance stood as one to her brother or brothers, and their children surviving her. A conveyance to a person, whether designated by name or description, and his children, creates a tenancy in common; so likewise of a conveyance to two persons and their children. Suppose that both of the brothers of the grantor's daughter had survived her, the conveyance would have been to them and their children surviving. This would have created a tenancy in common, each taking per capita. Had one brother survived, the conveyance would have been to him "and their children surviving," not the children of the deceased brother alone. In that event there would have been a tenancy in common between the surviving brother and the surviving children of both brothers. As both brothers died before the death of the grantor's daughter, the conveyance was to "their children surviving." This, under the general rule above stated, conveyed the property to the children of both brothers per capita, and not per stirpes, unless there is something in the deed to show a contrary intent.

It was urged that a general testamentary scheme of substitution

or representation appeared, and that this was applicable to the children of the brothers of the life-tenant, though the language used in regard to them was different from that employed elsewhere in the deed. In this view we can not concur. Throughout the deed the grantor dealt with his sons and their children in a different manner from that employed in regard to his wife and daughter. He gave the sons nothing absolutely. He gave to his wife a considerable amount of land and personal property, for life, and empowered her to make a disposition thereof, by gift or will, to either or all of the children of herself and the grantor, in such proportions as she might deem proper. Thus she could discriminate among the children, or totally exclude one or more of them. It was provided that if she should die without having exercised such power the property conveyed to her "is hereby conveyed to our children, and the representatives of our children, in equal parts, then living." The word "representatives" was evidently not used as meaning administrators or executors, but those taking by representation or succession under deceased children, and persons who would stand in their stead. The grantor conveyed land and personalty to his daughter for life, and in that connection also provided for a remainder "to her children, or the representatives of children, living at the time of her death," and with a limitation over if she should die "without children, or the representatives of children, then living." The language thus employed shows that the grantor used words of representation wherever he intended for the descendants of a deceased child to stand instead of their parent and take per stirpes. But when he came to deal with the sons and their children, he abandoned this method of expression, and provided, that, if his daughter should die without leaving children or representatives of children, "said property is conveyed to her brother or brothers, and their children surviving." Upon the happening of the contingency thus contemplated, the conveyance operated as one to the children of the grantor's sons, both sons being dead, and all their children surviving. A conveyance to the children of the grantor's two sons, with nothing to indicate a contrary intent, conveyed the property to them per capita.

It was contended that the use of the words "so likewise," in dealing with the contingency that the grantor's wife might die without exercising the power of disposition conferred upon her,

showed an intent that the words of representation should apply to the clause of the deed now being considered. But the use of the words of representation in one case and not in the other tends to negative the idea that the grantor intended to make similar provisions in the two cases.

*Judgment affirmed. All the Justices concur.*