ALLEN *et al. v.* DURHAM *et al.*

No. 8658.   NOVEMBER 13, 1931.

*J. A. Mitchell,* for plaintiffs.

*P. H. Mitchell* and *J. A. Beazley,* for defendants.

GILBERT, J.   This petition was brought by executors for the purpose of obtaining a construction of the first item of the will of Ross Gunn, as follows: "I give to my wife, Mrs. Mary Jane Gunn, my house and lot and its contents, said house being on Jennings Street where I now live; to have and to hold during her

natural life, and at her death said property to be divided equally between Mrs. Bessie E. Allen, Mrs. Willie I. Thaxton, and the children of S. E. Gunn." The will was dated October 15, 1928. At that time the testator had two living children, Mrs. Allen and Mrs. Thaxton. His third child, a son, S. E. Gunn, was deceased. At the death of the testator, besides the two daughters there were living seven children of the deceased son, S. E. Gunn. The court construed this item of the will as follows: "it was the intention of the testator that said children each have and receive a share equal to the said Mrs. Bessie E. Allen and Mrs. Willie I. Thaxton, under said item one of said will. Therefore it is decreed that the property be and the same is the property of all of said devisees, both plaintiffs, Mrs. Bessie E. Allen, and Mrs. Willie I. Thaxton, and the defendants, a share of one ninth each." The plaintiffs excepted to that judgment, contending that the court erred in not construing this provision of the will to mean "that the said property was devised to the said Mrs. Bessie E. Allen and Mrs. Willie I. Thaxton, each, a one-third interest, and to each of the said children a one-twenty-oneth interest." No parol evidence was introduced for the purpose of explaining the intention of the testator or to aid in the construction of the will.

1. In the absence of a will, the law of descent would have entitled each of the two daughters of Ross Gunn, Mrs. Allen and Mrs. Thaxton, to a one-third interest in his property, and the children of the deceased son, S. E. Gunn, would have inherited the remaining one-third interest. In other words, the children of the deceased son would have taken per stirpes.

2. "In the absence of anything in the will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be the channel of natural descent. To interrupt or disturb this descent, or direct it in a different course, should require plain words to that effect." *Fraser* v. *Dillon, 78 Ga.* 474 (3 S. E. 695). There is nothing in this will to interrupt or disturb the descent of the property from its natural channel into a different course.

3. The words "divided equally between" Mrs. Allen, Mrs. Thaxton, and the children of S. E. Gunn, construed in connection with the will as a whole, merely mean that Mrs. Allen, Mrs. Thaxton, and the aforesaid children are to have the property divided into

three equal parts, the children altogether taking one equal third. The remaining parts of the will are so expressed that the intention of the testator is unequivocally shown to be that the two daughters should each receive a one-third interest in the estate, and that the children of the son should receive a one-third interest.

*Judgment reversed. All the Justices concur.*