BARFIELD, executor, et al. v. AIKEN.

No. 18024. Submitted November 12, 1952—Decided January 13, 1953.

*Davis & Friedin* and *Mixon & Forrester,* for plaintiffs in error.
*Paul Webb, William Hall* and *Paul Webb Jr.,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) Only the 7th headnote requires any elaboration. We fully recognize the well-settled rule that in the construction of wills the courts should look to that interpretation which carries out the provisions of the statute of distribution, rather than that which defeats them; that, in the absence of anything in the will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be the channel of natural descent; and that the use of such terms as "in equal shares," or "share and share alike," or "equally divided," would not alone be sufficient to overcome this presumption and require a distribution per capita where the statute would require a distribution per stirpes. *Odam* v. *Caruthers,* 6 *Ga.* 39; *Mayer* v. *Hover,* 81 *Ga.* 308 (7 S. E. 562); *Randolph* v. *Bond,* 12 *Ga.* 362; *Fraser* v. *Dillon,* 78 *Ga.* 474 (3 S. E. 695); *Allen* v. *Durham,* 173 *Ga.* 811 (161 S. E. 608); *Wright* v. *Hicks,* 12 *Ga.* 155 (56 Am. D. 451);

*Clifton* v. *Holton,* 27 *Ga.* 321; *MacLean* v. *Williams,* 116 *Ga.* 257 (42 S. E. 485). In the instant case, however, the language of the will under consideration requires a different interpretation. The will provides that three-sevenths of the estate of the testator "shall be divided equally among *any and all* children of my deceased brothers and sisters, *showing no preference,*" and that on the death of one of his sisters, the remaining portion of the one-seventh of the estate willed to her for the support of herself and husband as long as she lives "shall be divided equally between her husband and all of my nieces and nephews as children of my brothers and sisters who are dead at the time, the same as I willed an equal part to the three-sevenths of my estate." We think it manifest by the language thus used that the testator intended a per capita division among his nieces and nephews and the husband of his deceased sister, and not a distribution per stirpes. It appears from the record that, at the time the will was executed, the mother of the plaintiff niece was then dead, leaving this one child surviving her. Had the testator intended that his estate be distributed per stirpes and that this niece, the only surviving child of the deceased sister, should receive one-seventh thereof, it would have indeed been easy for him to have said so. Instead, the will provides that she is to be treated equally with any and all children of the testator's other deceased brothers and sisters, and is to be shown no preference. In *Almand* v. *Whitaker,* 113 *Ga.* 889 (39 S. E. 395), it is held: "Under the general rule of construction, a will whereby property is given to the named 'children' of A., to the named 'heirs' of B., and to C., with provision for an 'equal division,' must, when there is nothing to indicate a contrary intention on the part of the testator, be so interpreted and carried into effect as that the beneficiaries shall take per capita and not per stirpes." See also *Duke* v. *Huffman,* 138 *Ga.* 172 (75 S. E. 1). In *Roe* v. *Reddick,* 202 *Ga.* 171 (42 S. E. 2d, 358), this court held that where a testator bequeathed to his two sons a life estate in realty and provided that the realty should descend and belong to the heirs of his sons, and one of the sons was survived by three children and the other son was survived by seven children, the children took

per capita and each was entitled to an undivided one-tenth interest in the realty. In *Snellings* v. *Downer*, 193 *Ga.* 340, 344 (18 S. E. 2d, 531), it is held: "By [a] gift to a class is legally meant . . . an aggregate [gift] to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time designated, who are to take in some definite proportion, the share of each being dependent for its amount upon the ultimate number, and is not on its face a transfer of title to any particular or designated member or members of the class. It is one of the characteristics of a gift to a class that its members are to be ascertained at a future time." Such is the situation here. By the terms of the testator's will his estate was to be kept together during the lifetime of his sister named in item 3, who was to be cared for and supported by the executor from the estate, and the executor was to have ample time after her death to "close up" the estate. At the time of the death of the testator there were four brothers and sisters surviving him. At the death of the life beneficiary only one sister was in life, and two of the nieces and one nephew who were in life at the death of the testator had since died. Item 9 of the will provides that, should any legatee of the will die before the estate should be closed up, then his or her part must be taken into the estate and be distributed among the remaining legatees in the same ratio as the first distribution. Thus the members of the class of nieces and nephews, children of the testator's deceased brothers and sisters, who would be entitled to take under the will could not possibly be ascertained until after the death of the life beneficiary, for the estate was not to be closed up until after her death. Under these circumstances, it is clear that distribution to the nieces and nephews should be per capita and not per stirpes. To hold otherwise would be to ignore and totally disregard the expression "divided equally among any and all children of my deceased brothers and sisters," and the further expression "showing no preference." This we cannot do, for the intention of the testator is to be gathered from the entire will and not just detached parts of it. *Love* v. *McManus*, 208 *Ga.* 447, 450 (67 S. E. 2d, 218). The trial court, therefore, erred in adjudging that the testator intended a distribution per stirpes and

that the plaintiff was entitled to one-seventh of the property referred to in items 8 and 10 of the will.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*