25491. HUMPHREY et al. v. LAWSON et al.

Argued October 15, 1969—Decided December 4, 1969.

*Herman J. Spence, Bobby C. Milam,* for appellants.

*Herschel V. Shelton, Leon Boling, Edgar L. Jenkins, Phillip Landrum,* for appellees.

Grice, Justice. This appeal results from the construction of an item of a will whereby the appellee was awarded one-half of the net estate and the other one-half was divided equally among the four appellants. Construction was invoked by a complaint filed in the Superior Court of Pickens County by Arnton Prather and N. L. Prather, as executors of the will of Willie Mae Prather, against themselves individually, A. W. Lawson, Jr., Mrs. Floyd Fitts and Mrs. Grayce Humphrey.

The complaint and answers set forth the diverse contentions made with reference to Item 3 of the will, which is the only provision in question. The facts were not in dispute. They are, insofar as necessary to recite, as follows.

Willie Mae Prather and her husband Paul Prather executed a joint will in 1961.

Item 3 of that will provides: "Upon the death of the survivors, then the remaining real and personal property is devised and bequeathed to the brother of Willie Mae Prather and the brothers and sisters of Paul Prather per stirpes, share and share alike, absolutely and in fee simple."

Paul Prather died in 1965, and the will was duly probated as his will.

Willie Mae Prather died in 1968, and the will was likewise probated as her will.

Paul Prather and Willie Mae Prather had no children except one who died in infancy.

The defendant A. W. Lawson, Jr., is the half brother of the testatrix Willie Mae Prather, and the defendants Arnton Prather, N. L. Prather, Mrs. Floyd Fitts and Mrs. Grayce Humphrey are the brothers and sisters of Paul Prather.

If Willie Mae Prather had died intestate, A. W. Lawson, Jr., would have been her sole heir at law.

If Paul Prather had survived Willie Mae Prather and had died intestate, Arnton Prather, N. L. Prather, Mrs. Floyd Fitts and Mrs. Grayce Humphrey would have been his sole heirs at law.

A. W. Lawson, Jr., contends that Item 3 should be construed to mean that he is entitled to one-half of the entire estate, with the remaining one-half to be equally divided among the four brothers and sisters of Paul Prather.

On the other hand, the four brothers and sisters contend that this item should be construed to mean that each of them and A. W. Lawson, Jr., is entitled to a one-fifth share of the property.

Upon the hearing, with the foregoing facts before it, the trial court construed the item in question to require the executors to distribute one-half of the net assets of the estate to A. W.

Lawson, Jr., and the remaining one-half to the four brothers and sisters of Paul Prather in equal shares.

It is obvious that the difficulty is occasioned by use of the words "per stirpes, share and share alike," which, on the surface, are contradictory.

After giving consideration to the recognized rules of testamentary construction, we have concluded that the intention of the makers of the will was that upon the death of the survivor the remaining property be equally divided between her side of the family and his side of the family.

It appears that the term "per stirpes" here was used to denote "by the roots" or "stocks." In *McGregor v. Roux,* 198 Ga. 520, 523 (32 SE2d 289), this court stated that "per stirpes" in its strict sense is used with respect to substituted legatees, but recognized the intent of the testatrix's use of the term there to be "according to stock." Redfearn's Wills and Administration in Georgia defines "per stirpes" as " 'by the roots' or 'stocks,' or by representation." 3d Ed., Vol. 1, p. 364. Here, considering the fact that the will containing this provision was the *joint* will of Paul and Willie Mae Prather, we are compelled to the conclusion that the words "per stirpes" were meant to indicate that the property be divided by "roots" or "stock," that is, between the two sides of the family.

We conclude that the words immediately following, "share and share alike," were added to tell how the property was to be divided between the "roots" or "stock," that is, equally.

It is not likely that upon the death of Paul Prather, when Willie Mae Prather acquired the entire property under the joint will, she intended that her side of the family, to wit, her brother, receive only one-fifth of such property, instead of one-half. The presumption is that she intended her property to go where the law would carry it, and "To interrupt or disturb this descent or direct it in a different course, should require plain words to that effect." *Fraser v. Dillon,* 78 Ga. 474 (3 SE 695); *Barfield v. Aiken,* 209 Ga. 483, 487 (74 SE2d 100). Upon her death, surviving Paul Prather, if she had not left a will her brother would have inherited the entire property.

Therefore, our view is that by the language bequeathing and

devising the property remaining at the death of the survivor to "the brother of Willie Mae Prather and the brothers and sisters of Paul Prather per stirpes, share and share alike," Paul and Willie Mae Prather intended that one-half of their property go to her side of the family, i.e., her brother, and that one-half go to his side of the family, i.e., his brothers and sisters.

The foregoing construction gives effect to all portions of the item in question.

We regard the trial court's construction of Item 3 as correct.

*Judgment affirmed. All the Justices concur.*