## 33341. HARRISON et al. v. ODOM.

BOWLES, Justice.

Marion Ann Dyer Odom, a granddaughter of the deceased Vera C. Dyer, brought a petition for the construction of Item 3 of the decedent's last will and testament. Said item stated: "I give, bequeath and devise all of my property both real and personal and wheresoever located to my four children; Judson R. Dyer; Marie Harrison; Elizabeth Hicks; and Harold T. Dyer *to be theirs* absolutely and in fee simple, *share and share alike with the child or children of a deceased child or children* to share per stirpes." (Emphasis supplied.)

Although only four children were expressly named in decedent's will, it appears from the record and from the admitted surrounding facts that the decedent had a fifth child who had pre-deceased her. It is this child's daughter,

the decedent's granddaughter, who brought a petition alleging that "she is entitled to share under the will of the Testatrix as a legatee in that she is a child of a deceased child of the Testatrix, as provided for in said Item 3."

The trial court construed the decedent's will in keeping with the petitioner's contentions, and the defendants below now appeal. We affirm.

In the construction of a will, "the courts should look to that interpretation which carries out the provisions of the statute of distribution, rather than that which defeats them; that, in the absence of anything in the will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be the channel of natural descent; and that the use of such terms as 'in equal shares,' or 'share and share alike,' or 'equally divided,' would not alone be sufficient to overcome this presumption and require a distribution per capita where the statute would require a distribution per stirpes." *Barfield v. Aiken,* 209 Ga. 483, 487 (74 SE2d 100) (1953); 1 Redfearn, Wills, Ga. § 143 (3d Ed. 1965). "To interrupt or disturb this descent or direct it in a different course, should require plain words to that effect. *Fraser v. Dillon,* 78 Ga. 474 (3 SE 695); *Barfield v. Aiken,* 209 Ga. 483, 487 (74 SE2d 100)." *Humphrey v. Lawson,* 225 Ga. 803, 805 (171 SE2d 534) (1969).

Under the facts in the instant case, if the decedent had died intestate, then, according to the provisions of the statute of descent and distribution (Code Ann. § 113-903), the four children named in decedent's will *as well as* the child of a deceased child, decedent's granddaughter herein, would inherit the entire estate, share and share alike.

We further recognize that "[I]n the construction of all legacies, the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law; and to this end the court may transpose sentences or clauses, and change connecting conjunctions, or even supply omitted words in cases where the clause as it stands is unintelligible or inoperative, and the proof of intention is clear and unquestionable . . ." Code Ann. § 113-806.

In applying the foregoing Code section, and seeking

the true intent of the testatrix, the clause in this case could be read: I give, bequeath and devise all of my property both real and personal to my four children: Judson R. Dyer; Marie Harrison; Elizabeth Hicks; and Harold T. Dyer, with the child or children of a deceased child or children to share per stirpes, to be theirs absolutely and in fee simple, share and share alike.

Considering the will before the court, we conclude that the testatrix intended that her granddaughter, Marion Ann Dyer Odom, should share equally with the other children who were expressly named in Item Three of said will. The trial court did not err in so holding.

*Judgment affirmed. All the Justices concur.*

Submitted February 24, 1978 — Decided April 27, 1978.

*Lane & Sanders, W. Robert Lane,* for appellants.
*Gilbert & Vassy, Aubrey W. Gilbert, Douglas C. Vassy,* for appellee.