## 36256. TRUST COMPANY BANK v. FIRST NATIONAL BANK OF ATLANTA.

HILL, Justice.

The will of John R. Mobley, who died in 1945, created in item VIII a residuary trust, with First National Bank as trustee, for the benefit of his three daughters, one of whom is in life today. One of the deceased daughters, Ethel Mobley Bray, was survived by two children, one of whom is now in life. The other child of Ethel Mobley Bray, Robert M. Bray (grandchild of John R. Mobley) died testate in 1975, survived by his widow, Eugenia K. Bray, and four children, three adults and one minor. In his will, with Trust Company Bank as executor and trustee, Robert M. Bray created two trusts, one a marital trust for the benefit of his widow, and the other providing income for life to his widow with remainder in his four children.

After his mother's death, Robert M. Bray, as grandchild of John R. Mobley, received from the Mobley trust one-half the income received by his mother during her life. After Robert M. Bray's death in 1975, his four children (the great-grandchildren of John R. Mobley) received the income from the John R. Mobley trust formerly received by their father.

After the Trust Company made demand in 1979 upon the First National Bank as trustee of the Mobley trust that income from that trust be paid to the Trust Company as executor of the Bray estate, and for an accounting of funds paid the Bray children, the First National filed this petition for construction, direction and declaratory judgment naming the Trust Company, as executor, Mrs. Robert Bray and the four Bray children as defendants. The trial court ruled in favor of the construction of the Mobley trust contended for by the First National Bank. The Trust Company, as executor, and Mrs. Robert Bray appeal.

Item VIII of John R. Mobley's will provides in pertinent part: "[1] The said trustees are directed to hold and manage said property, and . . . all of the net income is to be divided equally between my three daughters . . . for and during the term of their natural lives. [2] Upon the death of any one of said daughters, leaving children surviving her, the income that would have gone to such deceased daughter shall go to her child or children *until the final distribution of my estate . . .* [3] Upon the death of all three of my daughters, said trustees shall divide the corpus of said estate among all of my grandchildren who are then in life, said grandchildren taking per capita. [4] Should there have been any grandchild who has died leaving lawful children surviving, then such child or children of such deceased grandchild shall take per stirpes the, *share* that would have gone to such

grandchild if living." (Italics and matter in brackets added.)

At this time one of John R. Mobley's daughters is still in life and hence the distributions of income under the trust created in item VIII are still in effect.

1. The Trust Company and Mrs. Robert Bray assert that, because the will is clear and unambiguous, it was error for the trial court to inquire as to the intention of the testator and to construe the will. For reasons which appear below, we find that the will is not clear and unambiguous and that the trial court therefore properly inquired into the testator's intent to resolve the ambiguity.

2. The Trust Company and Mrs. Bray argue that those sentences in item VIII numbered [1] and [2] above provide for distribution of income, that those sentences numbered [3] and [4] provide for distribution of corpus, and that Robert M. Bray was vested with the right to receive the income of the trust "until the final distribution of my estate" (i.e., with the right to receive the income of the trust for the life of the surviving daughter of John R. Mobley), and with the right to dispose of such income in his will. The Trust Company and Mrs. Bray argue that there is no provision for a change in distribution of income upon the death of a daughter's child and they urge that the law favors early vesting.

First National on the other hand argues that item VIII should be read as a whole, that the word "share" in the sentence numbered [4] above refers to shares of income as well as shares of corpus and that sentence [4] therefore provides not only for distribution of corpus but also for distribution of income.

The guardian ad litem for the minor Bray child argues that the words "children" and "child and children" in the sentence numbered [2] above refer not only to the testator's (John R. Mobley) grandchildren but also his great-grandchildren. He argues that the rule that a testator is presumed to have intended to favor his bloodline, as opposed to relatives by marriage, should prevail over the rule favoring early vesting, and that, in any event, the right of Robert M. Bray to receive income was only vested subject to being divested upon his death. He urges further that unless the testator's intention be clearly to the contrary, income should be distributed to those who will receive the corpus.

In the construction of unclear wills the courts look to that interpretation which carries out the provisions of the statute of distribution, and in the absence of anything in the will to the contrary the presumption is that the testator intended that his or her property should go where the law carries it, namely the channel of natural descent. *Barfield v. Aiken,* 209 Ga. 483, 487 (74 SE2d 100) (1953); *Harrison v. Odom,* 241 Ga. 284, 285 (244 SE2d 874) (1978). The

reason for this rule is that the statute of distribution seeks to effectuate the presumed intent of an intestate, and where a will is unclear the courts follow the statute of distribution to effectuate the intent of the testator. After providing for the spouse of the deceased, the statute of distribution follows the bloodline. Code § 113-903. Thus, the rule is that the state assumes that one would rather have his or her property pass within the bloodline, unless a contrary intent is made clear. *Nunnally v. Trust Co. Bank,* 244 Ga. 697, 700 (261 SE2d 621) (1979). In fact, by necessity, Code § 113-903 (4) excludes spouses of children.

The testator, John R. Mobley, executed his will in 1932. At that time and at the time of his death he had six living grandchildren by his three living daughters. The youngest grandchild was only 4 in 1932. The testator made provision for his daughters, his grandchildren and his great-grandchildren. He made no provision for his daughters' husbands and made no provision referring to spouses of grandchildren. Nevertheless, the Trust Company and Mrs. Bray urge that the testator's will should be construed so as to allow grandchildren to provide for their spouses, or others, but the rules applicable to the construction of wills do not permit that result. It is clear that the children of a deceased grandchild will take upon the death of the only remaining life tenant. This shows that the testator intended the objects of his bounty to be his bloodline rather than the devisee of a grandson. The manifest intention of the testator thus reveals a strong preference for the interests he expressly created for his children and grandchildren to continue to his great-grand-children, his own bloodline, rather than to pass under a grandchild's will.

The Trust Company and Mrs. Bray rely heavily on the case of Gasque v. Sitterding, 208 Va. 206 (156 SE2d 576) (1967), in support of their contentions. Although of no precedential value here, Gasque has several similarities to the case before us. It also has several distinct differences, the principal one being that there the corpus was to be distributed to the testator's grandchildren. No provision was made for distribution to great-grandchildren. Gasque v. Sitterding, supra, does not require reversal of the trial court.

We hold, therefore, that the trial court did not err in finding that the testator intended that upon the death of a grandchild his great-grandchildren would share in the income as well as the corpus created in item VIII of the will.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 2, 1980 — DECIDED SEPTEMBER 4, 1980.

*Edward P. Ellis, Alan M. Simons,* for appellant.
*John H. Boman, Jr., Joseph C. Miller,* for appellee.