## S95A0274. GARRETT et al. v. MORTON.

(458 SE2d 618)

HUNT, Chief Justice.

The testatrix, Kathryn Morton, left a will with the following provision:

> I hereby specifically [sic] and bequeath any interests in real property I may own at the time of my death to my daughter Kathryn Ann Garrett. It is my request but not absolute direction that my sister-in-law L. Ruth Morton shall be responsible for the payment of the real property taxes, insurance (of which my estate shall be a loss payee) and all other costs of maintenance and in return, my sister-in-law shall be entitled to live at such real property until death. If my daughter Kathryn Ann Garrett fails to survive me said property shall be distributed to Mary Elizabeth Garrett, Ruth Ann Garrett, Daniel David Garrett, and David N. Garrett per stirpes (as determined at that time) with these same expressions of intent.

The trial court held that this language conveyed a life estate to Ruth Morton, the testatrix's sister-in-law, and granted partial summary judgment to Ruth Morton on that issue. The trial court also denied the Garretts' motion for summary judgment. The Garretts appeal, and we affirm in part and reverse in part.

The section of the will quoted above clearly conveys a fee simple interest in the testatrix's property to her daughter. The question is whether this language reserved a life estate for Ruth Morton. In the construction of unclear wills, the rule is that the court assumes that one would rather have his or her property pass within the bloodline, the channel of natural descent, unless a contrary intent is made clear. *Trust Co. Bank v. First Nat. Bank,* 246 Ga. 222 (271 SE2d 141) (1980). In saying that it was her "request but not absolute direction" that her sister-in-law be responsible for maintaining the property and be entitled to live at the property until death, Kathryn Morton failed to manifest a clear and convincing intent that a life estate pass to her sister-in-law. As such language is insufficient to carve a life estate out of the fee left to her daughter, the trial court's grant of partial summary judgment to Ruth Morton on that issue must be reversed. The trial court's order denying summary judgment to the Garretts except insofar as it is inconsistent with our holding above, is affirmed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MAY 8, 1995.

*Parker, Johnson, Cook & Dunlevie, William C. Tinsley II,* for appellants.

*Rice & Keene, Kirk W. Keene,* for appellee.