S01A1682. FLEMING et al. v. FIRST UNION NATIONAL BANK.

(555 SE2d 728)

HUNSTEIN, Justice.

This case involves the interpretation of language in the 1939 will executed by Alice Ramsey, deceased. In her will, Alice Ramsey divided her property between her two daughters and established trusts with the remainder interest of the trusts to be distributed to each daughter's grandchildren. As to the grandchildren of Alice Ramsey's daughter Nell Legwen, Items 4 and 6 of the will[1] provided:

> I give and devise unto [the trustee] in trust for the use of the children of Nell R. Legwen, my daughter, share and share alike, one-half the net income upon all shares of [certain stock], . . . with the remainder interest in said stock to the children of the children of Nell R. Legwen, share and share alike, a child or children to take the place of his or her parent, deceased.

Nell Legwen had four children. At the time the last of these children died in January 2000, there were four surviving grandchildren. Appellants are the three surviving offspring of Nell Legwen's oldest daughter; the fourth living grandchild, Glen Legwen, is the only child of Nell Legwen's oldest son. Because only two of Nell Legwen's children had surviving offspring, trustee First Union divided the remainder interest of the trusts in two and distributed one-half (three-sixths) of the Nell Legwen trust assets to Glen Legwen and attempted to distribute the remaining half in equal shares of one-

---

[1] There is a slight but unimportant difference in the language used in Item 6. Items 3 and 5 of the will created trusts for the grandchildren of Alice Ramsey's other daughter.

sixth of the trust assets to each of the appellants.

Appellants returned the money and filed suit against First Union. Pointing to the ambiguity in the language "share and share alike, a child or children to take the place of his or her parent," appellants asserted that appellee had wrongly distributed the assets per stirpes rather than per capita and claimed that each of Alice Ramsey's great-grandchildren was entitled to one-fourth of the trust assets. The trial court granted summary judgment to First Union and appellants appeal.

Appellants argue that a per capita construction of the language "share and share alike, a child or children to take the place of his or her parent, deceased" is demanded by our holding in *In re Lewis*, 263 Ga. 349, 351 (434 SE2d 472) (1993). That case also involved the "share and share alike" per capita distribution language followed immediately by a phrase reflecting a per stirpes distribution phrase, that language in this case being the "child or children to take the place of his or her parent." This Court recognized in *In re Lewis* that Georgia law presumes a per stirpes distribution in the absence of anything in the will indicating a contrary intent, id., and that the use of the term "share and share alike" would not alone be sufficient to overcome this presumption. Id. We found that presumption overcome in *In re Lewis*, however, because a review of the will in that case reflected a "logical and consistent scheme for the per capita distribution of the residuary estate." Id. Within the context of this testamentary scheme the apparent inconsistency of the "share and share alike, per stirpes" language was resolved in favor of a per capita distribution. Id. at 351-352.

Each will is a law in itself. *MacGregor v. Roux*, 198 Ga. 520, 523 (32 SE2d 289) (1944). Thus, the primary consideration in construing wills must be the ascertainment of the intention of the testator. Id. "Generally, courts are not limited in construction of a will to a particular item, sentence or clause, but may look to the four corners of the will to ascertain the intention of the testator. [Cits.]" *Ruth v. First Nat. Bank of Atlanta*, 230 Ga. 490, 492 (197 SE2d 699) (1973). Construing the language in Items 4 and 6 in light of the testamentary scheme in Alice Ramsey's will, we agree with the trial court that the structure of the will here does not overcome the statutory presumption of a per stirpes distribution and in fact indicates that testator intended appellants to take per stirpes. The four separate trusts created in the will gave an equal distribution to Alice Ramsey's two daughters followed by a per stirpes distribution to the testator's grandchildren to share equally among themselves that portion of the stock's income devised to each daughter. The use of "share and share alike" in regard to the children of each grandchild thus reflects not a per capita distribution of the entire remainder of the trust proceeds

but rather an intent that the great-grandchildren share equally among themselves that portion of the stock which had generated the income previously enjoyed by their parent.

> In the construction of a will, "the courts should look to that interpretation which carries out the provisions of the statute of distribution, rather than that which defeats them; that, in the absence of anything in the will to the contrary, the presumption is that the ancestor intended that [her] property should go where the law carries it, which is supposed to be the channel of natural descent; . . ." [Cits.] "To interrupt or disturb this descent or direct it in a different course, should require plain words to that effect. [Cits.]" [Cit.]

*Harrison v. Odom*, 241 Ga. 284, 285 (244 SE2d 874) (1978). Because we find no plain language in Alice Ramsey's will to overcome the presumption that she intended a per stirpes distribution as would occur by law in the event of intestacy, First Union's per stirpital distribution of the Nell Legwen trust remainder interest was not error. The trial court properly granted summary judgment to First Union.

*Judgment affirmed. All the Justices concur, except Carley, J., disqualified.*

DECIDED NOVEMBER 30, 2001.

*Johnston & Marsh, Howard H. Johnston,* for appellants.
*Troutman Sanders, Stephen W. Riddell, Joel P. Howle,* for appellee.